UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFEREY COACHMAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>U.S. PAROLE COMMISSION, )<br>)<br>Respondent. )<br>) | Civil Action No. 10-1960 (ABJ) |

**MEMORANDUM OPINION**

Petitioner Jefferey Coachman contends that he is entitled to certain credit toward service of his sentence which advances the date of his release from custody. For the reasons discussed below, his petition for a writ of habeas corpus will be denied.

I. BACKGROUND

On February 25, 1993, in the Superior Court of the District of Columbia, petitioner was sentenced to a term of five to 15 years' imprisonment. Pet. at 5. A mandatory minimum term of five years applied. *See* U.S. Parole Comm'n's Opp'n to Pet'r's Pet. for a Writ of Habeas Corpus ("Resp't Opp'n"), Ex. 1 (Judgment and Commitment Order, *United States v. Coachman*, No. F-6175-92D (D.C. Super. Ct. Feb. 25, 1993)). When he first was released on parole on June 6, 2002, he was to remain under supervision through June 14, 2007. Resp't Opp'n, Ex. 2 (Certificate of Mandatory Parole or Mandatory Release dated May 23, 2002). Before the expiration of his parole, however, the United States Parole Commission ("USPC") charged him with violations of various conditions of his parole release, and issued parole violator warrant on October 12, 2011, *id.*, Ex. 4 (Warrant), and the warrant was executed on October 25, 2004, *id.*,

Ex. 4 (United States Marshals' Return to United States Parole Commission).[1] The USPC proposed, and petitioner accepted, a proposal for expedited parole revocation, pursuant to which petitioner was to serve eight months' incarceration and forfeit credit for time spent on parole. *Id.*, Ex. 6 (Notice to Alleged Parole, Special Parole, Mandatory Release, or Supervised Release Violator Eligibility for Expedited Revocation Procedure) at 1. Pursuant to this agreement, petitioner was released on parole on June 24, 2005, and he was to remain under parole supervision through October 31, 2009. *Id.*, Ex. 8 (Certificate of Parole dated June 24, 2005) at 1. Among the terms of his parole release was the following special condition:

> In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions that requires [sic] that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addition or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

*Id.*, Ex. 8 at 3.

On two occasions, the USPC issued a letter of reprimand upon receipt of information that petitioner had used drugs. *See* Resp't Opp'n, Ex. 9-10 (Official Letters of Reprimand dated September 17, 2005 and October 20, 2005, respectively). Because of petitioner's continued drug use, among other violations of the conditions of his parole release, *see id.*, Ex. 12 (Warrant Application dated May 8, 2006) at 1, the USPC issued another parole violator warrant on May 8, 2006, *id.*, Ex. 11 (Warrant), and the warrant was executed on July 2, 2007. *Id.*, Ex. 11 (United States Marshal's Return to United States Parole Commission). Again, petitioner agreed to the

---

[1] Petitioner failed to submit to drug testing on several occasions, tested positive for drug use on several occasions, and failed to report for detox. *See* Resp't Opp'n, Ex. 5 (Warrant Application dated October 12, 2004) at 1-2.

2

USPC's expedited revocation proposal, *id.*, Ex. 13 (Advanced Consent to Expedited Revocation Decision dated July 6, 2007) at 1, pursuant to which petitioner "forfeit[ed] all time spent on parole," *id.*, Ex. 13 at 2, and served an additional eight months' incarceration, *id.*, Ex. 14 (Notice of Action dated July 31, 2007) at 1. When petitioner was released on parole on March 1, 2008, he was to remain under parole supervision through November 3, 2011. *Id.*, Ex. 16 (Certificate of Parole dated February 29, 2008) at 1.

Petitioner's latest return to custody occurred upon the execution of a parole violator warrant on October 19, 2010. *See* Resp't Opp'n, Ex. 22 (United States Marshal's Return to United States Parole Commission). He allegedly failed to complete successfully a drug treatment program and failed to submit to drug testing as directed by his Supervising Officer. *See id.*, Ex. 23 (Warrant Application dated May 12, 2010) at 2. In addition, petitioner was arrested, tried and convicted in the Superior Court for possession of a controlled substance (heroin), a misdemeanor, and sentenced to serve a term of 45 days' incarceration. *Id.*, Ex. 29 (Judgment, *United States v. Coachman*, No. 2010 CMD 019178 C (D.C. Super. Ct. Feb. 18, 2011).

Petitioner questions why his release date should be November 3, 2011, after he "served approximately 12 years with approximately 3 years remaining on his sentence" at the time of his parole release in June 2005. Pet. at 5. According to petitioner, his sentence should have expired "around 7-25-2007 instead of 11-2011 minus 180 days." *Id.*

## II. DISCUSSION

*A. Good Time Credit*

With exceptions not relevant to this case, the Superior Court imposes a sentence "on a person convicted in the District of Columbia of a felony . . . for a maximum period not exceeding the maximum fixed by law, and . . . a minimum period not exceeding one-third of the maximum sentence imposed, and any person so convicted and sentenced may be released on parole . . . at any time after having served the minimum sentence." D.C. Code § 24-403(a) (2001). Under District of Columbia law, a prisoner serving a sentence for offenses committed between April 11, 1987 and June 22, 1994, could earn institutional good time credit which would "be applied to [his] minimum term of imprisonment to determine the date of eligibility for release on parole and to [his] maximum term of imprisonment to determine the date when release on parole becomes mandatory." D.C. Code § 24-428(b) (1988 Supp.) (repealed 1994). Here, because petitioner was serving a mandatory minimum term of five years, good time credit could not have advanced his parole eligibility date.[2] Furthermore, petitioner would have remained "in the legal custody and under the control of the Attorney General of the United States or his . . . authorized representative until . . . [t]he expiration of the maximum of the term . . . specified in his . . . sentence *without regard to good time allowance*." D.C. Code § 24-404(a)(1) (2001) (emphasis added). An award of good time credit would have had no effect on the length of time petitioner was subject to USPC supervision. Lastly, petitioner would have lost any good time credit accrued prior to his return to custody after revocation of parole. D.C. Code § 24-406(a) (2001) ("If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve

---

[2]  In any event, the computation of petitioner's sentence reflects his eligibility for and calculation of good time credit. *See* Resp't Opp'n, Ex. 3 (Sentence Monitoring Computation Data as of 06-24-2005) at 11.

the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him *after his return to custody*.") (emphasis added).

B. "Street Time"

Petitioner contends that the USPC "violated D.C. law when [it] took [his] street time and extend[ed] his release date as a result," and thus violated rights protected under the Eighth Amendment to the United States Constitution. Pet. at 5. This contention is meritless for two reasons. As previously stated, because petitioner's parole was revoked, he must "serve the remainder of the sentence originally imposed." D.C. Code § 24-406(a) (2001). Second, by agreeing to the USPC's expedited revocation proposal, petitioner accepted the forfeiture of street time. *See Hill v. Johnston*, 750 F. Supp. 2d 103, 106 (D.D.C. 2010); *Johnson v. Sneizek*, No. 1:07-CV-1621, 2009 WL 414627 (M.D. Pa. Feb. 18, 2009). Furthermore, the forfeiture of street time in no way violates the Eighth Amendment's prohibition against cruel and unusual punishment by extending petitioner's sentence beyond its expiration date. *See Richmond v. Barlow*, No. 2:10cv95, 2011 WL 577354, at \*5 (N.D.W. Va. Jan. 6, 2011); *Campbell v. U.S. Parole Comm'n*, 563 F. Supp. 2d 23, 26 (D.D.C. 2008).

III. CONCLUSION

Petitioner is not entitled to good time credit or street time, and therefore he fails to demonstrate that his custody is unlawful.[3] The petition for a writ of habeas corpus will be denied. An Order accompanies this Memorandum Opinion.

AMY BERMAN JACKSON
United States District Judge

DATE: October 5, 2011

---

[3] According to the Federal Bureau of Prisons' Inmate Locator and the District of Columbia Department of Corrections Victim Information and Notification Everyday (VINE) system, petitioner is not in custody at this time. Review of the Court's docket does not reflect a change of address. If petitioner has been released, his habeas petition may be subject to dismissal as moot. *See In re Smith,* 114 F.3d 1247, 1249 (D.C.Cir.1997) (concluding that the appellant's release from prison rendered moot his request for habeas corpus relief); *Calloway v. Parole Bd.*, No. 10-0279, 2010 WL 3952847, at *1 (D.D.C. Oct. 4, 2010) (considering undelivered mail as an indication that petitioner had been released and dismissing habeas petition as moot).